**Electronically Filed
Intermediate Court of Appeals
29995
11-JAN-2011
12:52 PM**

NO. 29995

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


DISCOVER BANK, a Delaware corporation,
Plaintiff-Appellee,
v.
MILES T. TOMISATO, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CIVIL NO. 1RC08-1-02382)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Miles T. Tomisato (Tomisato) appeals from the Order Granting Plaintiff's Motion for Summary Judgment, filed on August 3, 2009 in the District Court of the First Circuit, Wahiawā Division (District Court).[1]  On appeal, Tomisato contends that the District Court erred by (1) striking his Motion to Strike Parts of Declaration of Robert Adkins, (2) applying the law of "account stated" to the proof of a single disputed item, (3) failing to set the "door closing statute" defense for trial, and (4) awarding attorney's fees without a showing that there was a binding express agreement that provided for them.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tomisato's points of error as follows:

---

[1]  The Honorable Barbara P. Richardson presided.

(1)  Tomisato does not identify where in the record he objected to the District Court striking his Motion to Strike Parts of Declaration of Robert Adkins.  When the District Court informed Tomisato that it would not consider his motion because it was filed one day before the hearing on Plaintiff-Appellee Discover Bank's motion for summary judgment, Tomisato said "Okay."  Furthermore, Tomisato did not request at the hearing that any portion of Adkins' declaration be stricken.  Therefore, this point of error will be disregarded.  Haw. R. App. P. 28(b)(4)(iii).

(2)  Tomisato failed to present any argument for his second point of error.  In his reply brief, Tomisato admitted that "Appellee is correct that the second point is unsupported." Therefore, Tomisato's second point of error is waived.  Haw. R. App. P. 28(b)(7).

(3) Tomisato refers to a "door closing statute" defense in his third point of error, claiming that Discover Bank lacks capacity to sue him in the State of Hawaiʻi.  This claim is without merit.

The fact that Discover Bank is not registered to do business in Hawaiʻi is not disputed.  Nevertheless, "[m]aintaining, defending, or settling any proceeding[,]" "[c]reating as borrower or lender . . . indebtedness," and "[s]ecuring or collecting debts" do not constitute transacting business for which a foreign corporation is required to obtain a certificate of authority.  HAW. REV. STAT. § 414-431(b)(1), (7) and (8) (1993).  "It is well-established that a foreign corporation which is not required to register in Hawaii may nevertheless sue or be sued in the State's courts." *Cowan v. First Ins. Co. of Hawaii*, 61 Haw. 644, 648, n.3, 608 P.2d 394, 398, n.3 (1980) (citing *Benham v. World Airways, Inc.*, 253 F. Supp. 588 (D. Haw. 1966)).

(4)  Tomisato does not identify where in the record he objected to the award of attorney's fees to Discover Bank. Therefore, Tomisato's fourth point of error is disregarded.  Haw. R. App. P. 28(b)(4)(iii).  Even if the error is not disregarded, Discover Bank is not required to prove that Tomisato's agreement

2

with Discover Bank provided for an award of attorney's fees. Discover Bank's suit against Tomisato sought damages for Tomisato's failure to pay the amount owed on his credit card in accordance with an agreement between Discover Bank and Tomisato. "An action for the recovery of damages for non-performance of a contract is one in assumpsit." *Rosa v. Johnston*, 3 Haw. App. 420, 430, 651 P.2d 1228, 1236 (1982) (citing *Braham v. Honolulu Amusement Co.*, 21 Haw. 583 (Haw. Terr. 1913)).

Discover Bank's action was in the nature of assumpsit. Attorney's fees shall be taxed in all actions in the nature of assumpsit, up to a maximum of twenty-five percent of the judgment, to the prevailing party and against the losing party. HAW. REV. STAT. § 607-14 (Supp. 2009). Discover Bank was the prevailing party and Tomisato was the losing party. Therefore, Discover Bank is entitled to recover its attorney's fees. The amount of attorney's fees awarded to Discover Bank did not exceed twenty-five percent of the judgment.

Therefore,

IT IS HEREBY ORDERED that the Order Granting Plaintiff's Motion for Summary Judgment, filed on August 3, 2009 in the District Court of the First Circuit, Wahiawā Division, is affirmed.

DATED: Honolulu, Hawai'i, January 11, 2011.

On the briefs:

Miles T. Tomisato,
Pro Se Defendant-Appellant

Guy C. Zukeran,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3